## H. D. BOWMAN *v.* COMMONWEALTH.

**Criminal Law—Manslaughter.**

> One in a fight who unlawfully stabs his adversary in sudden heat and passion is guilty of manslaughter, and not murder, if his adversary dies as the result of being thus stabbed, and it does not matter that the attack was voluntary.

### APPEAL FROM GRAVES CIRCUIT COURT.

June 28, 1878.

OPINION BY JUDGE LINDSAY:

At the instance of the appellant, Bowman, the court instructed the jury that if he had a difficulty with Scott, and afterward purchased a knife, not for the purpose or intention of reviving the difficulty, but alone for the purpose of self protection, or if he purchased the knife without reference to or expectation of another difficulty with Scott, and upon a casual meeting Scott, without any provocation or fault on the part of defendant (Bowman) assaulted him, he had the right to repel the assault and to use sufficient force for that purpose, and if from the severity of the attack he believed and had reasonable grounds for believing that he was in danger of loss of life or of suf-

fering great bodily harm, and he cut Scott to protect himself from the pending danger, and this was the only apparently safe means of escape, then he should be acquitted as having acted in self-defense. This instruction was scarcely as favorable to appellant as the law of self-defense would have warranted. It required Bowman to be absolutely without fault of any kind, even of using offensive language, and required the assault of Scott to be without even the slightest provocation.

But the effect of the law as thus given to the jury was neutralized by instruction No. 4, given on motion of the attorney for the commonwealth. By that instruction the jury were told that if they believed from the evidence beyond a reasonable doubt that the prisoner and the deceased met on the night of the killing and had a combat, and that after this the prisoner prepared himself with a deadly weapon and voluntarily entered into a second combat with the weapon in his possession, and with it killed the deceased in such second combat, then the law presumes that he had procured the weapon with the intention of using it in such second combat, and in that event the killing is by law not manslaughter but murder.

Upon what principle this supposed presumption of law can be made to rest we are unable to conceive. If the jury believed the facts related in the instruction they might possibly have deduced the conclusion from those facts that Bowman had procured the knife with the intention of using it in a second combat with Scott, but this was a question of fact for the jury to decide. It was in no sense a question of law, and the law presumed nothing whatever on the subject. The jury should have been left to determine it for themselves unembarrassed and uninfluenced by any suggestion from the court that the law required them to presume one way or the other as to the purpose for which Bowman procured the knife.

But this instruction is objectionable in another view of the case. It is inconsistent with instruction No. 3, by which the law of manslaughter was correctly expounded. By it the right of Bowman to insist that, if guilty at all, he was only guilty of manslaughter was made to them upon the question whether he voluntarily engaged in the second combat. If he fought and unlawfully stabbed the deceased in sudden heat and passion he is guilty of manslaughter, and not murder, and it does not matter that his action was voluntary. In fact, if it was involuntary then he is guilty of no crime at all.

Besides all this the court in this, and also in instruction No. 2, improperly selected out of the mass of the evidence certain supposed

facts; and by making the guilt or innocence of the appellant depend upon whether they had or not been sufficiently proved, gave them undue prominence and importance. As said instruction No. 4 confused the law of manslaughter and practically deprived the accused of the right to claim that he acted in self-defense, the verdict and judgment cannot be allowed to stand.

The instructions asked for by the appellant and refused by the court were properly refused. Like instructions Nos. 2 and 4, they are subject to the objection of making the guilt or innocence of the accused depend upon the existence or non-existence of certain supposed controlling facts, instead of leaving the jury to consider all the evidence before them.

For the errors indicated the judgment of conviction is *reversed* and the cause remanded for a new trial on principles not inconsistent with this opinion.

*Ed Crossland, L. Anderson, for appellant.*

*Moss, for appellee.*